| | | |
|---|---|---|
| **BRUCE WAYNE GLOVER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **ORDER** |
| | ) | |
| **GREG NEWMAN, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, (Doc. No. 1). Plaintiff is proceeding *in forma pauperis*. See (Doc. No. 8). Also pending is Plaintiff's Letter seeking the appointment of counsel. (Doc. No. 6).

### I.      BACKGROUND

*Pro se* Plaintiff, who is incarcerated at the Mountain View Correctional Institution, has filed a civil rights suit pursuant to 42 U.S.C. § 1983. Plaintiff names as Defendants: Assistant District Attorneys J. Douglas Mundy, Greg Newman, and Michael Bender. He alleges that Defendants have violated due process and defamed his character by bringing false and "trumped up" criminal charges against him. (Doc. No. 1 at 12). Their actions have allegedly resulted in two consecutive sentence of 50 to 72 months' imprisonment. He asks the Court to set aside the criminal verdict and judgment, award him damages for pain and suffering, dismiss the charges, and grant any other relief the Court deems appropriate.

On a separate page entitled "Conditions of Confinement," Plaintiff alleges that correctional personnel are deliberately indifferent for failing to carry out medical orders, and that prison housing assignments are inconsistent with, or aggravate, a prisoner's medical condition. (Doc. No.

1 at 15).

## II. STANDARD OF REVIEW

Because Plaintiff is a prisoner proceeding *in forma pauperis*, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). A complaint should not be dismissed for failure to state a claim "unless 'after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief.'" Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999)).

A *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009) ("Liberal construction of the pleadings is particularly appropriate where … there is a *pro se* complaint raising civil rights issues."). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). A *pro se* complaint must still contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007); see Ashcroft v. Iqbal, 556 U.S. 662 (2009) (the Twombly plausibility standard applies to all federal

2

civil complaints including those filed under § 1983). This "plausibility standard requires a plaintiff to demonstrate more than a sheer possibility that a defendant has acted unlawfully." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted). He must articulate facts that, when accepted as true, demonstrate he has stated a claim entitling him to relief. Id.

## III.   DISCUSSION

**(1)   Prosecutorial Immunity**

Prosecutors are absolutely immune as individuals from Section 1983 liability for acts arising out of the exercise of their official functions. Imbler v. Pachtman, 424 U.S. 409, 418 (1976). This immunity applies only to the extent that prosecutors serve as advocates for the State. Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993). Therefore, a prosecutor's administrative and investigative duties that do not relate to the preparation for the initiation of a prosecution or for judicial proceedings are not entitled to absolute immunity. Id.

Plaintiff alleges that the Defendants brought criminal charges against him that were unfounded and excessive. Deciding whether, and with what offenses, an individual should be charged with is a prosecutorial duty that is a traditional function of an advocate. See generally Savage v. Maryland, __ F.3d __, 2018 WL 3398220 at *6 (4th Cir. July 13, 2018) ("whether to 'initiat[e] a prosecution,' of course, is in the heartland of the prosecutorial discretion covered by absolute immunity.") (quoting Burns v. Reed, 500 U.S. 478, 486 (1991)). Therefore, absolute prosecutorial immunity applies and the claims against Defendants are dismissed.

**(2)   Criminal Convictions**

Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus pursuant to 28 U.S.C. § 2254, and a complaint under the Civil Rights

act, § 1983. <u>Muhammad v. Close</u>, 540 U.S. 749, 750 (2004). "Habeas corpus, and not § 1983, is the exclusive federal remedy for state prisoners seeking actual release from confinement," <u>Griffin v. Baltimore Police Dep't</u>, 804 F.3d 692, 694–95 (4th Cir. 2015) (citing <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 487–90 (1973)), and "requests for relief turning on circumstances of confinement may be presented in a § 1983 action," <u>Muhammad</u>, 540 U.S. at 750. Some cases are "hybrids," where a prisoner seeks damages, which are unavailable through a habeas action, but on allegations that either imply the invalidity of an underlying conviction or of a particular ground for denying relief short of serving the maximum term of confinement. <u>Id.</u> To address this situation, the Supreme Court held in <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), that:

> to recover damages for … harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction and sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus….

<u>Id.</u> at 485.

For Heck to bar a § 1983 claim, (1) "a judgment in favor of the plaintiff [must] necessarily imply the invalidity of [a plaintiff's] conviction or sentence," <u>Heck</u>, 512 U.S. at 487, and (2), the claim must be brought by a claimant who is either (i) currently in custody or (ii) no longer in custody because the sentence has been served, but nevertheless could have practicably sought habeas relief while in custody, <u>Covey v. Assessor of Ohio Cty.</u>, 777 F.3d 186, 197 (4th Cir. 2015).

Further, federal courts must refrain from staying or enjoining pending state prosecutions except under special circumstances. <u>Younger v. Harris</u>, 401 U.S. 37 (1971). <u>Younger v. Harris</u>, 401 U.S. 37 (1971). The <u>Younger</u> abstention doctrine extends to state civil proceedings that are akin to criminal prosecutions, <u>Huffman v. Pursue Ltd.</u>, 420 U.S. 592 (1972), or that implicate a

4

state's interest in enforcing the orders and judgments of its courts, Pennzoil Co. v. Texaco Inc., 481 U.S. 1 (1987). Proceedings fitting within the Younger doctrine include state criminal prosecutions, civil enforcement proceedings, and civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions. New Orleans Public Serv., Inc. v. Council of City of New Orleans, 491 U.S. 350, 367-68 (1989). A federal court may disregard Younger's mandate to abstain from interfering with ongoing state proceedings only where extraordinary circumstances exist that present the possibility of irreparable harm. Robinson v. Thomas, 855 F.3d 278, 285 (4th Cir. 2017) (internal quotations omitted).

In the instant case, Plaintiff alleges that he has been wrongfully prosecuted. He is a current North Carolina inmate, he does not allege that his conviction has been overturned, and the relief that he seeks – vacatur of his convictions and sentences – would necessarily undermine his convictions. His § 1983 claim is therefore barred by Heck and will be dismissed without prejudice as frivolous. Moreover, to the extent that Plaintiff suggests that any ongoing state court criminal proceedings are improper and should be dismissed, the Court abstains from interfering in such proceedings.

**(3)    Conditions of Confinement**

Finally, Plaintiff suggests that medical deliberate indifference is occurring at the institution where he is confined with regards to medical treatment and housing conditions. However, he fails to identify any individuals who were deliberately indifferent, set forth facts to describe where, when, and how the alleged incidents occurred, explain his injury, or demand any relief. These allegations are insufficient to state a claim and will be dismissed without prejudice.

**IV.    MOTION FOR THE APPOINTMENT OF COUNSEL**

Plaintiff has filed a Letter, (Doc. No. 6), that will be construed as a Motion for the

Appointment of Counsel. In it, Plaintiff states that he has filed a civil suit and he needs a lawyer's

help because he does not know the law and cannot afford to hire a lawyer.

There is no absolute right to the appointment of counsel in civil actions such as this one.

Therefore, a plaintiff must present "exceptional circumstances" in order to require the Court to

seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. Miller v.

Simmons, 814 F.2d 962, 966 (4th Cir. 1987). This case does not present exceptional circumstances

that justify appointment of counsel. Therefore, Plaintiff's motion to appoint counsel will be denied.

## V.        CONCLUSION

For the reasons stated herein, the Complaint is deficient and subject to dismissal. Plaintiff

shall have **fourteen (14) days** in which to file an Amended Complaint in which he may attempt to

cure these deficiencies and state a facially sufficient claim for relief. Although Petitioner is

appearing *pro se*, he is required to comply with all applicable timeliness and procedural

requirements, including the Local Rules of the United States District Court for the Western District

of North Carolina and the Federal Rules of Civil Procedure. The Amended Complaint must be on

a § 1983 form, which the Court will provide, and it must refer to the instant case number so that it

is docketed in the correct case. It must contain a "short and plain statement of the claim" showing

that Plaintiff is entitled to relief against each of the defendants. Fed. R. Civ. P. 8(a)(2). The

Amended Complaint must contain all claims Plaintiff intends to bring in this action, identify all

defendants he intends to sue, and clearly set forth the factual allegations against each of them.

Plaintiff may not amend his Complaint by merely adding defendants and claims in a piecemeal

fashion. The Amended Complaint will supersede the original Complaint so that any claims or

parties omitted from the Amended Complaint will be waived. See Young v. City of Mt. Ranier,

238 F.3d 567 (4th Cir. 2001).

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint, (Doc. No. 1), is **DISMISSED** as facially insufficient pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

2. Plaintiff shall have **fourteen (14) days** in which to file an Amended Complaint in accordance with this order and all applicable rules and procedures.  If Plaintiff fails to file an Amend Complaint in accordance with this Order, this action will be dismissed without prejudice and closed without further notice to Plaintiff.

3. The Clerk is directed to mail a copy of a new Section 1983 complaint form to Plaintiff.

4. Plaintiff's Letter, (Doc. No. 6), is construed as a Motion for the Appointment of Counsel and is **DENIED**.

Signed: July 27, 2018

Frank D. Whitney
Chief United States District Judge